# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS, USP ATWATER,<br><br>　　　　Respondent. | Case No. 1:24-cv-00760-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS IN PART AND TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 7) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 6, 9, 10.)

**I.**

**BACKGROUND**

On July 1, 2024, Petitioner filed the instant federal petition for writ of habeas corpus challenging a disciplinary proceeding. (ECF No. 1.) On September 3, 2024, Respondent filed a motion to dismiss the petition for lack of jurisdiction. (ECF No. 7.) On January 3, 2025, Petitioner filed an opposition. (ECF No. 18.)

///

///

1

## II.

## DISCUSSION

In the petition, Petitioner challenges a disciplinary proceeding that occurred at the United States Penitentiary in Atwater, California ("USP Atwater"). (ECF No. 1 at 3.) In the motion to dismiss, Respondent argues that this Court lacks jurisdiction over the petition because at the time the petition was filed, Petitioner was residing at the United States Penitentiary in Florence, Colorado ("USP Florence"). (ECF No. 7 at 1, 4–5.) Petitioner contends that "this case is subject to dismissal for improper venue and jurisdiction, or in the alternate, subject to transfer to the District of Colorado." (Id. at 5.)

The petition itself states that Petitioner's place of confinement is USP Florence. (ECF No. 1 at 1.) At the time Petitioner commenced this action and to date, Petitioner has been housed at USP Florence, which is located within the District of Colorado. "Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a [federal] prisoner's claims 'that he has been denied good time credits' or 'subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law.'" Fiorito v. Entzel, 829 F. App'x 192, 193 (9th Cir. 2020) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). As Petitioner has been housed at USP Florence throughout the pendency of this action, venue is proper in the district of confinement, which is the District of Colorado. See United States v. Brugnara, 793 F. App'x 596 (9th Cir. 2020) (finding that § 2241 petition challenging disciplinary proceeding and credit loss must be heard in custodial court).

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. Accordingly, rather than dismissal, the Court finds that transfer of the petition to the United States District Court for the District of Colorado is appropriate in the interest of justice.

# III.
# ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 7) is GRANTED IN PART; and
2. The petition is TRANSFERRED to the United States District Court for the District of Colorado.

IT IS SO ORDERED.

Dated: **April 17, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3